HENDRICKS COUNTY REMC *v.* PUBLIC SERVICE COMPANY, INC.

[No. 870S197. Filed July 22, 1971. Transfer denied July 11, 1972.]

PRENTICE, J.—This matter is now before us on Appellee's Motion to Transfer to Appellate Court. Appellant, Hendricks County Rural Electric Membership Corporation (REMC), has predicated its claim of jurisdiction by this Court upon the first grounds set forth in Burns' § 4-214, which is as follows:

"First. All cases in which there is in question, and such question is duly presented, either the validity of a franchise or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal constitution."

The case involves a territorial dispute between REMC and the appellee, Public Service Company of Indiana, Inc. (Public Service). The trial court denied REMC's prayer for injunctive relief upon a stipulation of facts and subsequently its motion for a new trial. The territory in dispute was included in REMC's certificate of public convenience and neces-

sity issued by the Public Service Commission in 1936. Public Service owns an indeterminate permit to furnish electricity to the town (now city) of Danville by virtue of a Public Service Commission order of 1916, and presently renders electrical service to the city and to its inhabitants by virtue of that order. In 1968, the disputed territory was annexed into the city. REMC was ready, willing and able to serve the disputed territory but had no lines therein and was not serving anybody therein at the time of the annexation.

The jurisdictional aspect of this case was recently decided by this Court in the case of *Decatur County Rural Electric Membership Corporation* v. *Public Service Company of Indiana* (1971), 256 Ind. 486, 269 N. E. 2d 884. That case was transferred to this Court upon the same jurisdictional grounds herein claimed by REMC. In ordering such case transferred back to the Appellate Court for consideration and decision, we held that it did not involve the validity of any franchise of a municipal corporation or ordinance of a municipal corporation under Burns Ind. Stat. Anno. § 4-214 (First), but that it merely involved the application of the certificate of public convenience and necessity and a statute under which the Public Service Company claims the right to serve the same territory and the application of such statute and certificate to the facts presented.

For the same reason, this Court does not have jurisdiction herein and the Clerk of this Court is therefore ordered to transfer the case to the Appellate Court for consideration and decision.

Arterburn, C.J. and Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 445.